## Central Hospital of Kentucky v. Powell et al.

March 19, 1946.

Eldon S. Dummit, Attorney General, and Dennis B. Wooton, Assistant Attorney General, for appellant.

F. A. Harrison and Ira G. Stephenson for appellees.

OPINION OF THE COURT BY JUDGE SILER—Reversing.

In an equity action to settle the estate of Samuel F. Powell, deceased, who was survived by an incompetent wife and two adult children, the appellant, Central Hospital of Kentucky, an asylum for the insane, filed its cross-petition seeking recovery of $1926 for board and maintenance for Anna M. Powell, the incompetent wife. All three survivors of the decedent are appellees herein and lawful takers of his estate valued at about $8200.

From a judgment sustaining a general demurrer to the appellant's cross-petition and overruling appellant's general demurrer to the reply of the representatives of the decedent's estate, this appeal has been taken by the Hospital.

The cross-petition alleged that Anna M. Powell was incompetent, had been the Hospital's patient since 1931, was dependent for support upon Samuel F. Powell, her deceased husband, whose estate was liable for her board under KRS 203.080. The cross-petition further alleged that the Hospital's board bill for the said incompetent was $1926 for the period from September 19, 1939 (just 5 years before the date of appellees' action), to March 1, 1945, no part of which had been paid; that the Hospital's account for this incompetent's board was contained in an accompanying statement filed with the cross-petition.

The reply denied that Samuel F. Powell's estate was liable for his wife's board at the Hospital, and it alleged affirmatively that the original inquest held in Kenton County had produced information that Anna M. Powell, who was formerly Anna M. Clark, had owned, at the time of the inquest, a farm in Lincoln County, which

farm was subject to any debt owed to the Hospital by the incompetent; that the Hospital either had or should have had full knowledge of this farm ownership, which was in the name of Anna M. Clark and which continued in the name of Anna M. Clark until August 7, 1945; that the Hospital failed to present its claim against the incompetent's estate within 5 years of the accrual of its cause of action and that accordingly the Hospital's cause of action is now dead and is barred by limitation and that the Hospital's claim cannot now be revived nor asserted against the estate of the deceased husband of the incompetent.

KRS 203.080 provides, in substance, for (1) making an incompetent's estate, which is subject to debt, liable for the incompetent's board in a state institution and for (2) making the estate of a husband of an incompetent likewise liable for the incompetent's board in such an institution.

Appellant's contention on this appeal is that its cross-petition stated a good cause of action against the estate of appellees' decedent and that appellees' reply did not state a good defense to the cross-petition.

Measuring the allegations of appellant's cross-petition by the terms of the governing sections of the statutes relating to the custody and support of incompetents, such allegations appear to be substantially sufficient to support a cause of action for the Hospital. While the cross-petition does not, in terms of the statute, specifically allege that the estate of the husband of the incompetent is sufficient to support such incompetent in addition to any others dependent upon the husband, yet the undenied allegations of appellees' own petition assert the husband has died and has left as his survivors two married adult children besides his incompetent widow. Such allegations of appellees' petition would seem to preclude the necessity of any allegation by appellant's cross-petition concerning the sufficiency of this estate to support the incompetent wife in addition to other dependents. On the face of this undisputed pleading that preceded the cross-petition, it was established that there were and are no persons whatever dependent upon this estate. Therefore, no allegation on this subject was necessary and we deem appellant's cross-petition to be legally sufficient.

Now, we measure the reply of appellees to ascertain whether it sets up a legal defense against the cause of action stated in appellant's cross-petition. This reply stated, in substance, that the incompetent wife had a separate estate of her own of which appellant had knowledge or could have had knowledge; that any cause of action against the wife's estate became barred by limitation 5 years after her commitment in 1931; that such bar is now effective against all persons and estates; and that accordingly appellant's claim is dead and cannot be revived.

It is true that the enforcement of a liability of this kind has been declared to be barred by the running of the statute of limitations after the lapse of 5 years following accrual of the cause of action. Central State Hospital v. Foley, 171 Ky. 616, 188 S. W. 752. However, it is to be remembered that the Hospital's claim in the instance extends over a period of only 5 years immediately preceding the date of this litigation. Therefore, the plea of limitation, which would be effective as a defense against any claim of the Hospital prior to the 5 year terminus of September 19, 1939, is not a good defense against that part of the claim accruing subsequent to that date or within the 5 year period immediately before this litigation.

The case of Central State Hospital v. Foley, supra, is somewhat similar to our own case now under consideration inasmuch as it too imposed the liability of an institutional board bill for an incompetent wife upon the husband. A plea of limitation was likewise entered in that case, but the court adjudged that a recovery for the Hospital was legally justified during the 5 year period immediately preceding the action, even though the husband's liability for the board bill that was more than 5 years old was held in that case also to be barred under the limitation plea. Appellees argue that the extermination of that part of the Hospital claim above the age of 5 years also means the extermination of the whole claim, but we have held otherwise in more than one case, for example, we held otherwise in the case of Central State Hospital v. O'Donnell's Adm'r, 199 Ky. 708, 251 S. W. 961.

According to our view, the provisions of law for recoveries of this particular nature give alternate reme-

dies to the public institutions of our Commonwealth, that is, one remedy is provided against the estate of this patient herself, while another remedy is provided, in the alternative, against the estate of her husband, who carries the moral and legal obligation for the support of his wife, whether sick or well. We would not necessarily say that the one estate is primarily liable and that the other is secondarily liable. In the case of an incompetent wife and her husband, the estate of either the one or the other is primarily and equally liable, as we interpret the pertinent statutes, for the institutional board and maintenance, provided such estate is sufficient for this burden after meeting its other dependency obligations. As a general rule, a husband is primarily liable, for necessaries furnished his wife, including her illness expenses. 27 Am. Jur. 60. And in the present case involving the incompetent wife's mental illness, we consider the husband's estate clearly burdened with the liability of the institutional board bill extending over the 5 year period next preceding the date of the husband's death, such liability being at least an alternate one to that which might also have been asserted against the separate estate of the incompetent wife. Of course, there could be no recovery against the husband's individual estate for any board that accrued subsequent to the date of his death, and this should be borne in mind in making final disposition of this case.

We see no soundness in the view that the Hospital's claim less than 5 years old is dead or barred because its similar claim more than 5 years old is dead and barred, conceding that the latter is now true both as to the incompetent's estate and as to her husband's estate by reason of the running of the statute of limitation. This particular statutory liability partakes of the nature of a severable contract, and each month's liability, for purposes of the statute of limitation, should be deemed a separate right of action. The Hospital's claim of the immediate past 5 year period is as full of vitality as a spring morning in spite of the fact that its action on a claim preceding the 5 year terminus date may be adjudged as dead as the dust covered skeleton of a prehistoric dinosaur.

Since there has been no entry of any cross-appeal as provided by Section 755, Ky. Civil Code of Practice, we have specifically considered only questions in rela-

tion to pleadings that have been raised by the appellant. However, our treatment of these questions is no doubt determinative of similar questions that might have been raised by any of the appellees on cross-appeal.

From all that we have said above, our logical conclusion now follows that the learned Chancellor should have overruled the demurrer to appellant's cross-petition and should have sustained the demurrer to appellees' reply.

Wherefore, the judgment is reversed for proceedings consistent with this opinion.